**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HELENA GARRETT, individually and on<br> behalf of her minor children, S.G. and C.G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| CITY OF SPENCER; JOHN WHITHAM; | ) | Case No. CIV-08-501-D |
| STATE OF OKLAHOMA, *ex rel.* the | ) | |
| DEPARTMENT OF HUMAN SERVICES; | ) | |
| and NICHOLE DEWBERRY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Motion to Dismiss of the Oklahoma Department of Human Services

("DHS") [Doc. No. 24].  Plaintiff  timely responded,  and the DHS has filed a reply.[1]

I. Background:

Plaintiff asserts claims arising under 42 U. S. C. § 1983, alleging that the defendants violated

her civil rights and those of her minor children in connection with the July 25, 2007 events occurring

at a daycare center operated by Plaintiff in her Spencer, Oklahoma residence.  She also asserts

pendent state tort claims.

DHS is the state agency charged with responsibility for the administration of the Oklahoma

Child Care Facilities Licensing Act, tit. 10 Okla. Stat. § 401, *et seq*., including  the supervision of

daycare centers.  Nichole DewBerry ("DewBerry") is employed by DHS as a Child Care Licensing

Specialist whose responsibilities include periodic inspections of licensed daycare facilities.   John

Whitham is a police officer employed by the City of Spencer, Oklahoma.[2]

---

[1]Defendant Nichole DewBerry has also filed a Motion to Dismiss; that motion is addressed in a separate order.

[2]Whitham and the City of Spencer have not filed motions to dismiss.

Plaintiff alleges that, at 2:30 p.m. on July 25, 2007, DewBerry arrived at the daycare center. Plaintiff further alleges that the daycare was closed. Plaintiff was not present; she had left her two minor children, ages 5 and 17, on the premises, giving them instructions not to open the door while she was gone. Plaintiff alleges that DewBerry knocked on the door and, when the children would not open it, contacted the Spencer police. Plaintiff alleges that officer Whitham arrived and forcibly entered the premises, brandishing his weapon. According to Plaintiff the conduct of DewBerry and Whitham violated the Fourth and Fourteenth Amendments. She seeks to hold each liable in their official and individual capacities; she also contends their respective employers, DHS and the City of Spencer, are liable for their allegedly wrongful conduct under both federal and state law.

The Amended Complaint asserts ten counts seeking relief against one or more of the defendants. Both DHS and DewBerry are named in Counts I, VI, VII, and VIII. Count I seeks to hold DewBerry and DHS liable for the alleged Fourth and Fourteenth Amendment violations resulting from dewberry's conduct. In Count VI, Plaintiff alleges that DewBerry and DHS breached a duty to use reasonable care in conducting daycare center inspections; she also alleges DHS failed to properly train DewBerry. Count VII alleges that DewBerry unlawfully trespassed on Plaintiff's property and that both she and DHS are liable. Count VIII alleges that Dewberry invaded Plaintiff's privacy, and seeks to hold both DewBerry and DHS liable.

DHS seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Amended Complaint fails to state a claim upon which relief may be granted against it. DHS contends that, with respect to the Count I § 1983 claim, it is immune from liability pursuant to the Eleventh Amendment. It contends that the state law pendent claims asserted against it are barred by the Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 151 *et seq.*(2008).

II.  Dismissal for failure to state a claim:

Where a motion to dismiss for failure to state a claim is presented, a  court must construe the

allegations in the complaint in the light most favorable to the plaintiff.  *Buckley Construction, Inc.*

*v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991).  All well-

pleaded allegations in the complaint must be taken as true.  *Id.* at 855.

To avoid dismissal pursuant to  Rule 12(b)(6), a complaint must contain enough factual

allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly,*550 U. S.544, 570 (2007)[3]; *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008);

*VanZandt v. Oklahoma Dept. of Human Services*,276  F.App'x  843,  846  (10th  Cir.

2008)(unpublished opinion).   To state a plausible claim, "the Plaintiff has the burden to frame a

'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."

*VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247).  "Factual allegations must be

enough to raise a right to relief above the speculative level."  *Twombly,*550 U.S. at 545. Thus,

plaintiffs  must "do more than generally allege a wide swath of conduct."  *Robbins,* 519 F. 3d at

1247.  Instead, they must allege sufficient facts to '"nudge[ ] their claims across the line from

conceivable to plausible."'  *Robbins*, 519 F. 3d at 1247 (quoting *Twombly*, 550 U.S. at 547).

III.  Application:

A.  Plaintiff's § 1983 claim:

With respect to Plaintiff's Count I allegations asserting a § 1983 claim based on violations

of Fourth and Fourteenth Amendment rights, DHS argues that, as a matter of law, Plaintiff cannot

---

[3]*Twombly* altered the previous rule that a complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

state a claim for relief.  As DHS correctly argues, it is well established that § 1983 claims can be asserted only against a "person" acting under color of state law; a state and its agencies are not persons against whom a § 1983 action for money damages may be asserted.  *Lapides v. Board of Regents*, 535 U.S. 614, 617 (2002); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).  The Eleventh Amendment bars § 1983 claims for money damages against a state and its agencies.  *Lapides*, 535 U.S. at 617.  The Tenth Circuit Court of Appeals has expressly held that DHS is an arm of the state which is immune from § 1983 liability under the Eleventh Amendment.  *McKinney v. State of Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991).  Plaintiff's § 1983 claim for money damages against DHS fails as a matter of law, and DHS is entitled to dismissal of that claim.  DHS's Motion is GRANTED as to Count I of the Amended Complaint.

B.  Plaintiff's common law tort claims:

DHS also seeks dismissal of Plaintiff's pendent state law claims, arguing that the same are also barred by the Eleventh Amendment.  As DHS points out, Plaintiff acknowledges that these claims are subject to the GTCA; she expressly alleges that she has complied with the GTCA notice of claim provisions.  DHS contends that, although the GTCA contains a waiver of the state's sovereign immunity under the Eleventh Amendment, that waiver is limited and is subject to express statutory exceptions.  According to the GTCA, the liability of the state and its agencies is "subject to the limitations and exceptions specified in this act," and is "exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise."  Okla. Stat. tit. 51, § 153(A) and (B).  DHS argues that each pendent tort claim asserted by Plaintiff is subject to a statutory exception.

1.  Count VI of the Amended Complaint:

In Count VI, Plaintiff seeks to hold DHS liable on a claim of negligence, arguing that DHS and its employees "owe a duty to use reasonable care in conducting inspections of home day cares" and that DHS "breached this duty to the Plaintiffs when it reported to the Spencer City Police Department that two minor children were home alone." Amended Complaint, ¶¶ 45, 46. She also alleges that DHS had a duty to properly train its daycare inspectors and that it breached that duty by failing to properly train DewBerry in the proper procedures to be followed. *Id.*, at ¶¶ 47, 48. Plaintiff does not dispute that DHS is required by law to conduct inspections of daycare facilities; her Count VI allegations are based on the manner in which DewBerry's inspection was conducted.

DHS contends that it is immune from liability on this claim under the GTCA. One of the GTCA statutory provisions exempts a state agency from tort liability resulting from the "enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance resolution, rule, regulation or written policy." Okla. Stat. tit. 51, § 155(4). Pursuant to the Oklahoma Child Care Facilities Licensing Act, DHS is charged with numerous responsibilities regarding the administration and operation of daycare centers in Oklahoma, including the investigation, inspection, and licensing of centers operated in private homes. Okla. Stat. tit. 10, § § 405-406. Plaintiff does not dispute that DewBerry, a DHS daycare inspector, was carrying out her duties when she arrived at Plaintiff's daycare on July 25, 2007.
Plaintiff expressly complains about the manner in which she carried out those duties.

The Court agrees with DHS that Plaintiff's Count VI allegation falls within the GTCA

statutory exemption, as Plaintiff expressly seeks to hold DHS liable for the enforcement of a

statutory duty imposed upon DHS and carried out through one of its inspectors. *See, e.g., Skurnack*

*v. State ex rel. Dept. of Human Services,* 46 P. 3d 198 (Okla. Civ. App. 2002); *Briggs v. State of*

*Oklahoma, ex rel. Dept. of Human Services*, 472 F. Supp. 2d 1304 ( W. D. Okla. 2007).  Plaintiff

attempts to distinguish these decisions on the grounds that they involved allegations that DHS

breached its duties related to investigations of child abuse or the safety of children enrolled in its

licensed daycare centers.  Although Plaintiff is correct that the decisions cited by DHS involved such

allegations, her argument overlooks the fact that the statutory exception at issue in those decisions

as well as in this case is the same; the provision on which DHS relies exempts a state agency from

tort liability for losses resulting from "enforcement of or failure to adopt or enforce a law."  Okla.

Stat. tit. 51, § 155(4).

In this case, as DHS argues, Plaintiff's claimed loss results from DewBerry's "enforcement"

of the law requiring DHS to inspect daycare centers for which it is statutorily responsible.  Although

Plaintiff attempts to characterize her Count VI claim as partially based on DHS' alleged failure to

properly train DewBerry, "at its core these claims nevertheless stem from the investigation

conducted" by DewBerry.  *See Turner v. The City of Oklahoma City, et al.,* Case No. CIV-07-268-R,

Order of April 24, 2007 [Doc. No. 33] (granting DHS motion to dismiss based on the GTCA

exemption in Okla. Stat. tit. 51 § 155(4)).

As DHS also argues, the GTCA contains another exception to tort liability based on a loss

resulting from the agency's "inspection powers or functions, including failure to make an inspection,

review or approval, or making an inadequate or negligent inspection."  51 Okla. Stat. tit. 155(13).

In this case, Plaintiff expressly alleges that DHS is liable because it breached its duty "to use reasonable care in conducting inspections of home day cares." Amended Complaint, ¶45.  Because Plaintiff complains of the manner in which DHS carried out its inspection powers, or that it made a "negligent inspection," her Count VI claim falls within the GTCA statutory exception in § 155(13).

The Court concludes that Plaintiff's Count VI claims against the DHS are barred by the GTCA.  Accordingly, the Motion is granted as to Count VI.

2.  Count VII of the Amended Complaint:

In Count VII, Plaintiff seeks damages for unlawful trespass based on DewBerry's alleged unlawful entry on to the Plaintiff's property " without Plaintiff's express or implied permission." Amended Complaint, ¶ 52.  The Amended Complaint also expressly alleges that DewBerry arrived on Plaintiff's property at approximately 2:30 p.m. on July 25, 2007.  *Id.* at ¶ 8.  The parties agree that July 25, 2007 was a Wednesday.

The GTCA provides that state agencies are exempt from tort liability for losses resulting from "entry upon any property where that entry is expressly or implied[ly] authorized by law." Okla. Stat. tit. 51 § 155(9).  In this case, DHS argues this provision applies because DewBerry's entry on to Plaintiff's property was expressly authorized by law.   Under the Oklahoma Child Care Facilities Licensing Act, DHS is granted authority to take certain actions to carry out its responsibilities. The Act provides in pertinent part that DHS "shall have authority at any reasonable time to investigate and examine the conditions of any child care facility in which a licensee...receives and maintains children."  Okla. Stat. tit. 10 § 406(A).   As DHS argues, DewBerry was acting under this authority when she arrived at Plaintiff's daycare to conduct an

inspection.

In response, Plaintiff argues that dismissal is improper because it was unreasonable for DewBerry to attempt to conduct the inspection at issue. She contends she should be allowed to conduct discovery to prove that contention. The Court concludes that Plaintiff cannot plausibly prevail on a contention that a 2:30 p.m. inspection on a weekday afternoon could be unreasonable. DHS cannot be liable for its employee's actions in attempting to conduct a statutorily authorized inspection under the facts alleged in the Amended Complaint. The Count VII claim of trespass against DHS is dismissed.

### 3. Count VIII of the Amended Complaint:

In Count VIII of the Amended Complaint, Plaintiff seeks to hold DHS and DewBerry liable for invasion of privacy. The factual basis for this contention is the same as that underlying Plaintiff's trespass claim, as she alleges DHS, acting through DewBerry, "without permission or right, intentionally intruded upon the private property" of Plaintiff, "resulting in a highly offensive invasion of privacy." Amended Complaint, ¶ 56. The Court concludes that, for the reasons discussed in connection with Plaintiff's Count VII trespass claim, the GTCA bars this claim because the entry onto the property was authorized by law.

As DHS also argues, however, Plaintiff in Count VIII expressly asserts that dewberry's conduct was intentional. To the extent that Plaintiff alleges DewBerry acted intentionally or with malice, DHS argues it cannot be liable for her conduct even if the specific tort does not fall within the GTCA exemption. As DHS argues, an agency is liable for the tortious conduct of an employee only if the tort occurred while the employee was acting within the scope of her employment; by

definition, "scope of employment" is limited to actions "in good faith."  Okla. Stat. tit. 51, §

152(11).  Actions involving malicious or bad faith conduct, including intentional torts, do not

impose liability upon an employer because such actions are not in good faith.  *See Fehring v. State*

*Ins. Fund*, 19 P. 3d 276, 283 (Okla. 2001).  As the Court held in *Fehring*, "when, for viability, the

tort cause of action sued upon requires proof of an element that necessarily excludes good faith

conduct on the part of governmental employees, there can be no liability against the governmental

entity in a GTCA-based suit."  *Id.* (citations omitted).

To prevail on her claim that DewBerry invaded her privacy, Plaintiff must necessarily prove

the element of intent.  *Gilmore v. Enogex, Inc.*, 878 P. 2d 360, 366 n. 27 (Okla. 1994) (citing the

Restatement (Torts) Second § 652B definition of "intrusion upon seclusion" as based on "one who

intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another").  If

Plaintiff proves  DewBerry intentionally intruded upon Plaintiff's privacy, DewBerry cannot have

been acting in good faith.  Therefore, DHS could not be liable for her allegedly tortious conduct.

The Court concludes that DHS is not liable on Count VIII because the entry on Plaintiff's

property was authorized.  Alternatively, if DewBerry intentionally invaded Plaintiff's privacy in a

manner not authorized within the scope of her employment, DHS is not liable for that tortious

conduct.   DHS's Motion to Dismiss Count VIII is granted.

IV. Plaintiff's request to pursue discovery and to file an amended complaint:

If the Court determines dismissal is warranted, Plaintiff asks that she be permitted to conduct

discovery and again amend her complaint to cure the deficiencies on which dismissal is based.

Leave to amend is a decision within the Court's discretion, and leave should be freely granted "when

justice so requires." Fed.R.Civ.P. 15(a). However, such leave is not automatic and may be precluded for various reasons, including futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Where the Court dismisses a cause of action for failure to state a claim, it may exercise its discretion to allow an amended complaint to cure the deficiency in the original complaint; however, it is not required to do so if the circumstances and the governing law render an amendment futile. *Anderson v. Suiters*, 499 F. 3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile if "the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F. 3d 1195, 1199 (10th Cir. 2006).

In this case, it would be futile to allow Plaintiff to conduct discovery or amend to attempt to allege a § 1983 cause of action against DHS because DHS is not a "person" subject to § 1983 liability and, furthermore, such action is subject to dismissal on Eleventh Amendment grounds.

With respect to Counts VI, VII, and VIII, the facts alleged against DHS also establish that amendment would be futile. Plaintiff has already amended the Complaint once, and did so after DHS moved to dismiss the original Complaint. Plaintiff has expressly alleged the conduct on which her pendent state tort claims are based, and the Court has determined that DHS's liability for that conduct is barred by the GTCA. Plaintiff offers no explanation of how she proposes to amend the Amended Complaint to cure a deficiency based on a statute expressly precluding DHS's liability for the very conduct on which her state law claims are based. The Court concludes that another attempt to amend to assert a valid claim against DHS would be futile. Accordingly, leave to amend is DENIED.

## V. Conclusion:

For the foregoing reasons, the Motion of DHS to Dismiss the Amended Complaint [Doc. No. 24] is GRANTED, and Plaintiff's request for leave to conduct discovery and file a Second Amended

Complaint is DENIED.

IT IS SO ORDERED this__9th___ day of October, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE