**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

HELENA GARRETT, individually and on )
 behalf of her minor children, S.G. and C.G., )
                                      )
     Plaintiff, )
                                      )
vs. )
CITY OF SPENCER; JOHN WHITHAM; )  Case No. CIV-08-501-D
 STATE OF OKLAHOMA, *ex rel.* the )
 DEPARTMENT OF HUMAN SERVICES; )
 and NICHOLE DEWBERRY, )
                                      )
     Defendants. )

**ORDER**

Before the Court is the Motion of Nichole DewBerry ("DewBerry") to Dismiss the Amended Complaint [Doc. No. 26]. Plaintiff has timely responded, and DewBerry has filed a reply.

I. Background:

Plaintiff asserts a claim arising under 42 U. S. C. § 1983, alleging that the defendants violated her civil rights and those of her minor children in connection with the July 25, 2007 events occurring at a daycare center operated by Plaintiff in her Spencer, Oklahoma residence. She also asserts pendent state tort claims.

At the time relevant to Plaintiff's claims, DewBerry was employed by the Department of Human Services ("DHS") as a Child Care Licensing Specialist whose responsibilities include periodic inspections of licensed daycare facilities. DHS is the state agency charged with responsibility for the administration of the Oklahoma Child Care Facilities Licensing Act, tit. 10 Okla. Stat. § 401, *et seq.*, including the supervision of daycare centers. John Whitham is a police

officer employed by the City of Spencer, Oklahoma.[1]

Plaintiff alleges that, at 2:30 p.m. on July 25, 2007, Dewberry arrived at the daycare center. Plaintiff further alleges that the daycare was closed. Plaintiff was not present; she had left her two minor children, ages 5 and 17, on the premises, giving them instructions not to open the door while she was gone. Plaintiff alleges that DewBerry knocked on the door and, when the children would not open it, contacted the Spencer police. Plaintiff alleges that officer Whitham arrived and forcibly entered the premises, brandishing his weapon. According to Plaintiff the conduct of Dewberry and Whitham violated the Fourth and Fourteenth Amendments. She seeks to hold each liable in their official and individual capacities; she also contends their respective employers, DHS and the City of Spencer, are liable for their allegedly wrongful conduct under both federal and state law.[2]

The Amended Complaint asserts ten counts seeking relief against one or more of the defendants. DewBerry is named in Counts I, VI, VII, VIII, and X. Count I seeks to hold DewBerry liable for the alleged Fourth and Fourteenth Amendment violations. In Count VI, Plaintiff alleges that DewBerry breached a duty to use reasonable care in conducting daycare center inspections. Count VII alleges that DewBerry unlawfully trespassed on Plaintiff's property, and Count VIII alleges that DewBerry invaded Plaintiff's privacy. In Count X, Plaintiff seeks to hold DewBerry liable for the foregoing conduct in her individual capacity.

DewBerry seeks dismissal of the Second Amended Complaint, arguing that, with respect to Count I, she is entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim

---

[1] Whitham and the City of Spencer have not filed motions to dismiss.

[2] DHS was also named a defendant in Counts I, VI, VII, and VIII. In a separate Order, the Court has granted DHS' Motion to Dismiss [Doc. No. 24] all claims asserted against it in this action.

for relief; alternatively, she contends she is entitled to qualified immunity from liability on Count I. With respect to Counts VI, VII, and VIII, DewBerry contends that the tort claims asserted therein are barred by the Oklahoma Governmental Tort Claims Act ("GTCA").

II. <u>Motion to dismiss Count I for failure to state a claim:</u>

    <u>A. Official capacity claim:</u>

DewBerry contends that, to the extent Count I asserts a § 1983 claim against her in her official capacity, it must be dismissed because official capacity claims are barred by the Eleventh Amendment. As DewBerry correctly notes, the Eleventh Amendment bars § 1983 claims for money damages against a state and its agencies. *Lapides v. Board of Regents*, 535 U.S. 614, 617 (2002); *Will v. Michigan Dept. of State Police*, 491 U. S. 58, 66 (1989). Where a state official is sued in his official capacity for money damages under § 1983, the official is also entitled to Eleventh Amendment immunity. *Haver v. Melo*, 502 U. S. 21, 25 (1991); *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002). Accordingly, to the extent that Plaintiff's Count I claim in this case is directed at DewBerry in her official capacity as an officer of DHS, that claim fails as a matter of law. To that extent, the Motion to Dismiss is granted.

    <u>B.  Individual capacity claim:</u>

The Eleventh Amendment does not, however, bar § 1983 claims for money damages against state officials sued in their individual capacities. A state official sued individually qualifies as a "person" acting under color of state law, and he or she may be liable under § 1983. In this case, DewBerry contends that Plaintiff's individual capacity § 1983 claims against her are nevertheless subject to dismissal pursuant to Rule 12(b)(6).

Where a Rule 12(b)(6) motion to dismiss for failure to state a claim is presented, a court

must construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction, Inc. v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Id.* at 855.

To avoid dismissal pursuant to Rule 12(b)(6), however, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U. S. 544, 570 (2007)[3]; *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F.App'x 843, 846 (10th Cir. 2008)(unpublished opinion). To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Thus, plaintiffs must "do more than generally allege a wide swath of conduct." *Robbins,* 519 F. 3d at 1247. Instead, they must allege sufficient facts to "'nudge[ ] their claims across the line from conceivable to plausible.'" *Robbins*, 519 F. 3d at 1247 (quoting *Twombly*, 550 U.S. at 547).

In *Robbins*, the Tenth Circuit applied the *Twombly* standards to a § 1983 claim asserted against several defendants. The Circuit held that, in § 1983 cases, more specific allegations are required than in other cases because "state actors may only be held liable under § 1983 for their own acts." *Robbins*, 519 F. 3d at 1251. (emphasis added). According to the Circuit:

> Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from

---

[3]*Twombly* altered the previous rule that a complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

collective allegations against the state.

*Robbins*, 519 F. 3d at 1250 (emphasis in original). In *Robbins,* the plaintiffs sued several defendants in their individual capacities; they alleged that the defendants collectively engaged in certain specific conduct. *Id.* The Circuit found this insufficient to satisfy the notice pleading requirements of Fed. R. Civ. P. 8 as well as the *Twombly* pleading standards.

In this case, Count I asserts § 1983 claims against both DewBerry and officer Whitham. Consistent with *Robbins*, Plaintiff separately asserts factual allegations against each, thus specifying the conduct which she contends violated her constitutional rights. Most of the allegations in Count I, however, are directed at officer Whitham's conduct, which Plaintiff contends constitutes an unlawful warrantless entry and search. In introductory allegations labeled "Facts," Plaintiff alleges the following:

> 8. On July 25, 2007, at approximately 2:30 p.m., DHS employee, Ms. Nichole DewBerry, arrived at Ms. Garrett's home to perform an inspection. Ms. Garrett was not at home at the time, and the daycare was closed for the day. Ms. Garrett had left her 17-year old daughter, S. G., at home with her 5-year old son, C.G., and had instructed S. G. not to open the door for anyone.
>
> 9. Without reason or cause, Ms. DewBerry reported Ms. Garrett to the Spencer City Police Department.

Amended Complaint, ¶¶ 8-9. In the section of the Amended Complaint entitled "Count I- Federal Civil Rights Violations," Plaintiff's allegations are primarily directed at defendant Whitham. With respect to DewBerry, Plaintiff adds the following specific Count I allegation[4]:

> On July 25, 2007, at approximately 2:30 p.m., the DHS through the acts of Nichole DewBerry unlawfully entered the fenced yard, a Constitutionally protected area, of Helena Garrett's residence and conducted an unlawful search.

---

[4]Count I of the Amended Complaint incorporates the preceding paragraphs by reference; accordingly, the allegations in the "Facts" section are considered as part of the Count I factual contentions.

5

Amended Complaint, ¶ 20. Plaintiff does not allege that DewBerry entered the residence with Whitham. The allegations against DewBerry are confined to the alleged improper entry into the fenced yard and the telephone call to the Spencer police. Plaintiff alleges that this conduct amounts to a violation of her constitutional right "to be secure from unreasonable searches and seizures pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States." *Id.*, ¶ 17.[5]

Having reviewed the allegations against DewBerry, the Court concludes that the same are insufficient to satisfy the requirements of *Twombly* because, even if taken as true, they do not reflect a plausible claim for relief. Initially, Plaintiff alleges that DewBerry entered her property to conduct an inspection of the daycare center, yet she also alleges that the entry into Plaintiff's yard was unlawful. The allegations do not state a plausible claim for relief based on an alleged Fourth Amendment unlawful entry onto premises which DewBerry was required to enter in order to conduct the inspection of Plaintiff's daycare. Plaintiff's suggestion that it was unreasonable for DewBerry, a state employee whose job responsibilities required her to conduct inspections, to enter the yard at 2:30 p.m. on a weekday is implausible. Nor does Plaintiff offer any persuasive argument or authority to show that, as a licensed daycare operator, she had an expectation of privacy in the premises which she knew were subject to statutorily required inspections. Her argument in response to the Motion shows that her claim for relief is based on speculation that she might somehow be able to state a Fourth Amendment claim against DewBerry, and such allegations are

---

[5]This paragraph is expressly directed only at the alleged conduct of officer Whitham; the contention that Dewberry's conduct violated Plaintiff's constitutional rights is stated generally, and does not include a specific reference to the Fourth or Fourteenth Amendments. Amended Complaint, ¶ 21. Construing the allegations most favorably to Plaintiff, the Court finds that she alleges, albeit in a conclusory fashion, that Dewberry's entry into the fenced yard and telephone call to the Spencer police also violated the Fourth and Fourteenth Amendments.

inadequate because "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Plaintiff has failed to allege sufficient facts to "nudge" her § 1983 claim against DewBerry "across the line from conceivable to plausible." *Robbins*, 519 F. 3d at 1247 (quoting *Twombly*, 550 U.S. at 547).

Accepting the Count I allegations against DewBerry as true for purposes of the Rule 12(b)(6) Motion, the Court concludes that those allegations fail to state a claim for relief that is plausible on its face. The Motion is granted as to Plaintiff's Count I claim against DewBerry.

In her response to the Motion, Plaintiff asks the Court to grant her leave to amend in the event the Court grants dismissal. Leave to amend is a decision within the Court's discretion, and leave should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a). However, such leave is not automatic and may be precluded for various reasons, including futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Where the Court dismisses a cause of action for failure to state a claim, it may exercise its discretion to allow an amended complaint to cure the deficiency in the original complaint; however, it is not required to do so if the circumstances and the governing law render an amendment futile. *Anderson v. Suiters*, 499 F. 3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile if "the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F. 3d 1195, 1199 (10th Cir. 2006).

The Court concludes that, in this case, an amendment of the Count I allegations in an attempt to state a § 1983 claim against DewBerry in her individual capacity would be futile because DewBerry is entitled to qualified immunity on that claim. Accordingly, leave to amend must be denied because the amended claim would be subject to dismissal.

"Qualified immunity protects government officials performing discretionary functions from

individual liability in federal claims unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nielander v. Board of County Comm'rs,* ___ F. 3d ___, 2009 WL 2713196, at *8 (10th Cir. Aug. 31, 2009) (quoting *Shero v. City of Grove*, 510 F. 3d 1196, 1204 (10th Cir.2007); see also *Pearson v. Callahan*, ___U.S. ___, 129 S.Ct. 808, 815 (2009).

Prior to the Supreme Court's decision in *Pearson*, the qualified immunity analysis required the Court to first determine whether the Complaint alleged conduct which amounted to a constitutional violation and, if so, to then determine whether the right violated was clearly established at the time of the conduct at issue. *Archuleta*, 523 F. 3d at 1283; *see Saucier v. v. Katz*, 533 U.S. 194, 201 (2001). In *Pearson*, however, the Supreme Court modified its *Saucier* holding and held that the Court is no longer required to first consider the existence of a constitutional violation; instead, it may analyze the two-part test in any order it chooses. According to the Supreme Court:

> The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

*Pearson*, ___ U.S. at ___; 129 S.Ct. at 818. Under *Pearson*, the Court is "permitted to address whether the law is clearly established before addressing whether a constitutional violation has occurred." *Nielander*, ___F. 3d at ___, 2009 WL 2713196, at *8 (citing *Pearson*,___U.S. at ___, 129 S.Ct. at 818).

In this case, Plaintiff's Count I allegations against DewBerry are based on the Fourth Amendment right to be free from unlawful search and seizure, a law that was established at the time

of the conduct at issue. However, the question presented by this case is whether it was clearly established that the alleged actions of DewBerry would constitute a violation of Plaintiff's rights. To answer that question, the Court must determine whether a reasonable person in the circumstances faced by DewBerry would have believed her conduct violated the law. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Nielander*, _ F. 3d __, 2009 WL 2713196, at * 8 (citing *Saucier,* 533 U.S. at 202). Accordingly, the question is whether a reasonable DHS employee required to conduct inspections of licensed daycare centers would have believed it was unlawful to enter Plaintiff's yard to approach the daycare center which was to be inspected, and to do so at 2:30 p.m. on a weekday.

Plaintiff does not dispute DewBerry's contention that, pursuant to Oklahoma law, she was required to conduct "periodic monitoring visits," including a minimum of three unannounced monitoring visits to facilities that operate a full-year program and two unannounced monitoring visits annually to facilities that operate less than a full year. Brief in support of Motion at p. 9, citing Oklahoma Administrative Code 340:110-1-9. In fact, Plaintiff expressly alleges that the incident about which she complains occurred when DewBerry was conducting an inspection of the daycare. Amended Complaint, ¶8. Because DewBerry's inspection was required to be unannounced, no reasonable DHS employee in her position would have believed she was required to obtain Plaintiff's permission before arriving at the daycare center or that failure to do so would violate Plaintiff's Fourth or Fourteenth Amendment rights. Although the inspections must be conducted at a "reasonable time," no reasonable DHS employee in DewBerry's position would believe that 2:30

9

p.m. on a Wednesday[6] was an unreasonable time to conduct an inspection or that conducting the inspection at that time would violate Plaintiff's constitutional rights.

Accepting the allegations in the Amended Complaint as true, DewBerry entered Plaintiff's fenced yard in order to approach the daycare center. Plaintiff does not attempt to argue that a reasonable inspector in DewBerry's position would have believed a Fourth Amendment violation could occur as a result of the necessity of entering a fenced yard to reach the daycare center that Dewberry was required to inspect.[7] Plaintiff offers no argument or authority to the contrary.

Plaintiff also contends, however, that DewBerry violated Plaintiff's rights by contacting the Spencer police when she found two unsupervised minor children on the premises of the daycare center. DewBerry argues that Plaintiff's status as a licensed daycare operator required Plaintiff's compliance with applicable DHS regulations; Plaintiff does not dispute that contention. Nor does Plaintiff dispute DewBerry's contention that those regulations prohibit caregivers from "leaving children alone in the care of any person younger than 18 years of age." Oklahoma Administrative Code 340:110-3-85(a)(5)(B). By her own allegations, Plaintiff left her 17-year-old and 5-year-old unattended at the daycare. Amended Complaint, ¶ 8. Plaintiff alleges that, when DewBerry arrived and found two unsupervised minors at the daycare, DewBerry telephone the police. *Id.*, at ¶ 9. It cannot be argued that a reasonable DHS daycare inspector faced with that situation would not have been concerned that a violation had occurred because two unsupervised minors were present.

---

[6]Plaintiff does not dispute Dewberry's statement that July 25, 2007 was a Wednesday, and the 2007 calendar confirms that is correct.

[7]Plaintiff's argument that her fenced yard was protected by the Fourth Amendment is not supported by the authorities she cites, as Plaintiff's own allegations state that Dewberry arrived at Plaintiff's property to inspect the daycare she operated there. That inspection was required by law. Plaintiff's suggestion that Dewberry could not open the fence to reach the building where the daycare was operated is not supported by any authority.

10

Under the circumstances alleged in the Amended Complaint, it was not unreasonable for a DHS inspector in DewBerry's position to contact the local police. More important to the qualified immunity analysis, a reasonable person in DewBerry's position would not have believed that doing so would constitute a violation of Plaintiff's Fourth or Fourteenth Amendment rights. Plaintiff offers no argument or persuasive authority to the contrary.

Accordingly, the Court concludes that an amendment of the Count I allegations against DewBerry in her individual capacity would be futile because DewBerry is entitled to qualified immunity from liability on these claims.

III. Motion to dismiss Counts VI, VII, and VIII:

DewBerry also seeks dismissal of Plaintiff's tort claims, arguing that the GTCA precludes liability for such claims because she was acting within the scope of her employment at the time of her conduct. In Count VI, Plaintiff alleges that DewBerry is liable to her for negligence in failing to exercise reasonable care in conducting the daycare center inspection; Count VII alleges that DewBerry committed the tort of trespass; in Count VIII, Plaintiff alleges DewBerry invaded Plaintiff's privacy. Count X does not assert a separate cause of action, but alleges that DewBerry is individually liable on all causes of action asserted.

Tort actions asserted against the state, its agencies, and employees are governed by the GTCA, Okla. Stat. tit. 51, § 171. The GTCA renders the state and its agencies immune from liability for torts committed by state employees while acting within the scope of their employment. Okla. Stat. tit. 51, § 152.1(A); § 153(A). The GTCA includes an express waiver of sovereign immunity "to the extent and in the manner provided" therein. *Id.* at § 152.1(B). The liability of the state and its employees acting within the scope of their employment as set forth in the GTCA is "exclusive

11

and in place of all other liability of the state, a political subdivision, or employee at common law or otherwise." Okla. Stat. tit. 51, § 153(B). "Suit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity." *Speight v. Presley*, 203 P. 3d 173, 179 (Okla. 2008).[8] "Designating an employee in his or her official capacity as a named defendant for this type of claim is improper under the GTCA." *Id.* (citations omitted).

In this case, to the extent the Amended Complaint alleges torts committed by DewBerry while acting within the scope of her employment, she is entitled to dismissal of the tort claims asserted in Counts VI, VII, and VIII. DewBerry contends that Plaintiff's state law claims are barred by the GTCA provision that "[i]n no instance shall an employee of the state...acting within the scope of his employment" be named as a defendant in an action under the GTCA. Okla. Stat. tit. 51 § 163(C). DewBerry contends that, with respect to all allegations in Counts VI, VII, and VIII of the Amended Complaint, she was acting within the scope of her employment and that, as a result, she is not properly named as a defendant in this action.

The GTCA, includes a definition of "scope of employment:"

"Scope of employment" means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud.

Okla. Stat. tit. 51, § 152(11). "An employee's act is also within the scope of employment if it is done, however ill-advisedly, with a view to further the employer's interest or arises out of an

---

[8] In its separate Order granting the Motion to Dismiss of DHS, the Court has determined that DHS cannot be liable for DewBerry's alleged torts because the conduct alleged is subject to express exceptions set forth in the GTCA.

emotional response to actions being taken for the employer." *Tuffy's, Inc. v. City of Oklahoma City*, 212 P.3d 1158, 1166 (Okla. 2009).

In the Amended Complaint, Plaintiff expressly alleges that the tortious actions for which she seeks to hold DewBerry liable "were executed in the scope of their [sic] employment." Amended Complaint at ¶ 11. Plaintiff also expressly avers that, when the allegedly tortious actions occurred, DewBerry was conducting an inspection of Plaintiff's licensed daycare facility. *Id., ¶* 8. Plaintiff does not dispute that the performance of such inspections was among DewBerry's job responsibilities assigned by DHS.

The express allegations in the Amended Complaint establish that, pursuant to the GTCA, DewBerry is not a proper defendant and is entitled to dismissal of the tort claims asserted against her in her official capacity. To that extent, her Motion must be granted. Because the GTCA bars such claims, Plaintiff's request for leave to amend is denied because an amendment would be futile.

In Count X of the Amended Complaint, however, Plaintiff alleges that DewBerry is also liable for these torts in her individual capacity. Plaintiff also avers that the allegedly tortious conduct was "performed knowingly, intentionally, and with willful disregard" for Plaintiff's rights. Amended Complaint, ¶ 63.  Intentional or malicious acts are generally outside the scope of employment. *See Fehring v. State Ins. Fund*, 19 P. 3d 276, 283 (Okla. 2001).

 DewBerry's motion does not seek dismissal of the tort claims asserted against her individually and, allegedly, committed outside the scope of her employment. Accordingly, such are not addressed in this Order, and they remain at issue in this case.

V.  Conclusion:

For the foregoing reasons, DewBerry's Motion to Dismiss [Doc. No. 26] is GRANTED as

to the claims asserted against her in Count I the Amended Complaint in both her official and individual capacities.  The Motion is also GRANTED as to the tort claims in Counts VI, VII, and VIII to the extent that the same are asserted against DewBerry in her official capacity.  Plaintiff's request for leave to amend is DENIED.  Because the Motion does not seek dismissal of the Count VI, VII and VIII tort claims asserted against DewBerry in her individual capacity and allegedly committed while she acted outside the scope of her employment, those claims remain at issue.

IT IS SO ORDERED this  13th  day of October, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE